■ Futurist 1952, Inc., Also Known as ModerNist, Inc., Appellant, v Westbeth Corporation Housing Development Fund Company, Inc., Respondent, et al., Defendant. [830 NYS2d 141]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered July 12, 2005, which declared, after a hearing, inter alia, that plaintiff's use of the premises was in breach of its lease, unanimously affirmed, with costs.

In 1989, the president of plaintiff, a commercial photographer, entered into a lease with defendant, a nonprofit corporation operated to provide moderately priced housing for professionals in the fine arts. The lease, which was formally assigned to plaintiff in 1994, provided that the tenant would "use and occupy the Demised Premises only for the purpose of a photography studio with darkroom shop, and for no other purpose."

Under the terms of the lease, permitting other photographers to use the tenant's space beyond the limit agreed to in the lease would constitute an assignment of the lease, with any resultant profit going to the landlord. To avoid this, tenant and landlord also agreed to a "use limit" of the space as follows: "assigning this lease and/or subletting the Demised Premises shall be deemed to include permitting the Demised Premises or any part thereof to be used or occupied by others (whether for desk space, studio space, darkroom privileges or otherwise) for more than ten (10) days in any given month or more than seventy-five (75)

days in any given year." Nevertheless, after plaintiff renovated the space, it began hiring it out for "special events," such as weddings and bar mitzvahs. After receiving a notice to cure from defendant, plaintiff commenced the instant action, with an application for a *Yellowstone* injunction, claiming that the lease was ambiguous as to the meanings of such phrases as "photography shop" and "or otherwise" in the "use limit."

Notwithstanding this argument, the court rejected extrinsic evidence purportedly supporting ambiguity and properly ruled in defendant's favor (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272 [2005]). The language of the clauses at issue is clear and unambiguous, and should be enforced (*see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65 [2003], *lv dismissed* 2 NY3d 794 [2004]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.